[*80]    *MARTIN C. BISSELL agt. ORANGE W. DAYTON.

Where there is a *verbal agreement* by defendant to pay costs, to have cause put over the circuit, the plaintiff cannot have an *attachment* for the collection of such costs.

Taxation of costs after the day noticed for taxation, without a new notice to the opposing attorney, is irregular.  ·

*February Term*, 1846.

MOTION by plaintiff for an attachment against defendant to collect costs of circuit.

It appeared from plaintiff's papers that this cause was noticed for trial for the June circuit in Allegany county, 1841 ; the plaintiff had subpœnaed his witnesses and was prepared for trial, when defendant's attorney informed plaintiff's attorney that defendant would not be ready for trial at that circuit, on account of the absence of a material witness, and requested the cause put off, and the costs of the circuit should be paid.

Plaintiff's attorney, upon the information, suffered the cause to go off upon payment of costs ; got his bill of costs taxed at $23.56, on notice to defendant's attorney ; but was never after able to get any part of it, from the defendant or his attorney ; having been in hopes that it would be paid without application to the court, was his excuse for the delay.

Plaintiff's attorney stated, that previous to the sitting of the circuit, and after notice of trial was served, he proposed to defendant's attorney to let the cause go over the circuit, as the defendant had a material witness absent, and could not try it ; and proposed also to pay the costs incurred on the part of the plaintiff, in pursuance of the notice ; to which proposition plaintiff's attorney assented, and said he had subpœnaed but

Bissell agt. Dayton.

one witness, and if he would refund the money, there would be no witnesses' fees for defendant to pay.

In pursuance of such arrangement, the cause went over the circuit, and neither party or their witnesses attended the circuit. Shortly after the close of the circuit, plaintiff's attorney presented a bill of costs for payment, amounting to about $24.00, including in it a charge for brief on trial $3; copy pleadings $3; attorney's fee $3; counsel fee $5; and from $6 to $8 witnesses' fees; which bill of costs defendant's attorney refused to pay, but would pay all taxable costs and expenses of the plaintiff up to the time of the arrangement, which offer plaintiff's attorney declined. Plaintiff's attorney gave notice of taxation of the bill of costs before a supreme court commissioner, and on the day noticed defendant's attorney appeared to oppose the taxation; and the commissioner was absent from home, and did not return until the next day; after his return, defendant's attorney was informed that plaintiff's attorney *appeared before the commissioner, [*81] and had the bill taxed ex parte. About the 1st January, 1842, this suit was discontinued.

> J. H. Collier, *plaintiff's counsel.*
> S. S. Haight, *plaintiff's attorney.*
> H. Harris, *defendant's counsel.*
> W. Angel, *defendant's attorney.*

Bronson, Chief Justice. Denied the motion with costs. 1st. On the ground that the costs were taxed a day after the day noticed for taxation, without notice for the day on which they were taxed. 2d. On the ground that an attachment cannot issue for costs of circuit upon a *verbal agreement* by defendant to pay costs, if the cause is put over the circuit.